## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FENIX DHAITY, | |
| Petitioner, | 3:07 - CV- 1810 (CSH) |
| v. | |
| WARDEN, | MARCH 20, 2014 |
| Respondent. | |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

**HAIGHT, Senior District Judge:**

### I.    INTRODUCTION

Petitioner Fenix Dhaity is a former Connecticut state prisoner who was incarcerated at the Brooklyn Correctional Institution in Brooklyn, Connecticut, for a twelve-year sentence stemming from his 2003 conviction on charges of sexual assault and kidnapping.[1]  As of the present date, he has completed service of that sentence and been released to serve an eight-year term of special parole, relating to those convictions.[2]

While incarcerated, pursuant to 28 U.S.C. § 2254, Petitioner commenced this action by filing a *pro se* petition for a writ of habeas corpus, which he later amended in January of 2009 [Doc. 13].

---

[1]  Filings in state court on behalf of the Petitioner, as well as state court decisions, refer to Petitioner's last name as "D'Haity."   However, Petitioner's handwritten petition in federal court shows his last name as "Dhaity," which appears in the case caption at bar.  The Court will use the Petitioner's spelling of "Dhaity" throughout this Ruling.

[2]  According to Connecticut state records on prison inmates, Petitioner will be on special parole until August of 2021.

In the Amended Petition, he challenged his state court convictions for sexual assault and kidnapping and claimed that he was thus being held in violation of the Constitution, laws or treaties of the United States.

## II.    <u>PROCEDURAL HISTORY</u>

On March 26, 2003, Petitioner was convicted by a jury in Connecticut state court of sexual assault and kidnapping, both in the first degree, Conn. Gen. Stat. §§ 53a-70(a)(1) & 53a-92(a)(2)(a), but acquitted on the third charge of intimidating a witness, Conn. Gen. Stat. § 53a-151a.  *See* Doc. 14, Appendix I (transcripts of trial, *State v. D'Haity*, No. CR01-0137853S, Judicial District of Stamford/Norwalk).  The trial court sentenced Petitioner to twelve years of incarceration on the sexual assault charge, followed by eight years of special parole, and twelve years of incarceration on the kidnapping charge, followed by eight years of special parole.  Because the sentences were to run concurrently, Petitioner was sentenced effectively to a twelve-year term of incarceration, to be followed by eight years of special parole.

With respect to the trial, Petitioner asserts that, upon completion of the state's case, his counsel moved for a judgment of acquittal on the witness intimidation charge, but the trial judge wrongfully "reserved decision" on that motion "until the close of the defense case," ultimately "denied [his] motion for judgment of acquittal" on that charge, and  then "instructed the jury on the consciousness of guilt regarding the witness intimidation charge."  Doc. 13 (Amended Petition), p. 23.

Petitioner made an unsuccessful appeal to the Connecticut Appellate Court, seeking reversal of his convictions on six different grounds, including the trial court's failure to rule on his motion

for judgment of acquittal on the witness intimidation charge and instruction to the jury on consciousness of guilt.  *State v. D'Haity*, 99 Conn. App. 375, 390-91 (2007).  Petitioner then sought certification to appeal from the Connecticut Supreme Court.  Doc. 14, Appendix. F (Petition for Certiorari to Connecticut Supreme Court).  In that Petition, Dhaity presented only one issue for review:

> Did the Appellate Court err in concluding that the Defendant's acquittal on the witness intimidation charge precluded a finding of aggrievement on the trial court rulings related to that charge?

Certification was denied.  *State v. D'Haity*, 282 Conn. 912 (2007).

Petitioner's sole ground upon which he now seeks federal habeas relief is essentially identical to the one he presented to the Connecticut Supreme Court.  In his Amended Petition, he thus describes "Ground One" as follows:

> Did the [Connecticut] Appellate Court err in concluding that the petitioner beign [sic] acquitted on the witness intimidation charge preclude[d] a finding of aggrievement on the trial court rulings related to that charge?

Doc. 13, ¶ 19 ("Ground One").

The Respondent claims that, although exhausted in state court, the Petitioner's present habeas claim must be rejected for 3 reasons: (1) the Connecticut Appellate Court rejected each of Petitioner's underlying sub-claims (including one mirroring the present claim) under an adequate and independent state procedural rule; (2) Petitioner "has not alleged cause and prejudice to overcome this procedural default;" and (3) if considered on the merits, the claim fails because "it is based entirely on state law and is not cognizable in a federal habeas proceeding." Doc. 14, p. 8.

III.    **THRESHOLD ISSUE -  Potential Mootness**

At the outset, before addressing the merits of the Amended Petition, the Court resolves the issue of whether Petitioner's release from prison has rendered his habeas corpus claim moot.  Under the present circumstances, the answer is decidedly, "No."  In general, in order for a federal court to exercise jurisdiction over a habeas petition, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).[3]  *See also  Peyton v. Rowe*, 391 U.S. 54, 58 (1968) ("The writ of habeas corpus is a procedural device for subjecting executive, judicial, or private restraints on liberty to judicial scrutiny. Where it is available, it assures among other things that a prisoner may require his jailer to justify the detention under the law."). "[T]he habeas petitioner [must]  be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ( *per curiam* )(citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

 A petitioner need not, however,  be "physically confined in order to challenge his sentence on habeas corpus."  *Maleng,* 490 U.S. at 491. For example, for habeas purposes, a prisoner placed on parole is still "in custody" under his unexpired sentence.  *Id.* (citing *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963) (holding that prisoner's release into custody of parole board is significant restraint on freedom within meaning of habeas corpus statute)).  The Supreme Court has reasoned

---

[3]  Section 2254 provides, in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he *is in custody* in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).

4

that said release is "not unconditional; instead, it [is] explicitly conditioned on [the petitioner's] reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities."  *Maleng*, 490 U.S. at 491.  In other words,  the petitioner's criminal conviction continues to impose substantial restraints on his freedom, which are not borne by the public generally.  *Id.*

Parole has consistently been held to constitute a sufficient "restraint" to comprise "custody" for purposes of habeas relief.  *See Jones*, 371 U.S. at 241-43.  *See also  Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) (with respect to habeas relief, "[p]ost-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be 'custody'") (citing *Jones*, 371 U.S. at 240-43)), *cert. denied sub nom. Burhle v. Earley*, 551 U.S. 1159 (2007); *United States ex rel. Johnson v. Dep't of Corr. Servs. of the State of N.Y.*, 461 F.2d 956, 958 n. 1 (2d Cir.1972) ("As we said in *United States ex rel. Sadness v. Wilkins*, 312 F.2d 559, 560 (2d Cir.1963), '[The Supreme Court's] opinion in *Jones v. Cunningham*, [371 U.S. 236] (1963), now makes clear that a prisoner who is released upon  parole  remains 'in custody' within the meaning of federal habeas corpus jurisdiction," and "that release upon parole does not render moot an appeal from a habeas corpus proceeding conducted prior to release.' ")(brackets in original).

The Court takes judicial notice that Dhaity is currently on "special parole"[4] as a result of his relevant convictions and will not be released until the prospective end  date of August 14, 2021.[5]

---

[4]   In Connecticut state court,  "special parole"  is  "part  of  the sentence that  a judge can impose when someone is convicted of a crime." *See generally* www.cga.ct.gov/2008/rpt/2008-R-0175.htm. . It includes a period of supervision by the Board of Pardons and Paroles "after an offender completes his or her maximum prison sentence." *Id.*

[5]   The Court takes judicial notice that, according to his address of record, Fenix Dhaity is currently  incarcerated  (inmate #271955) at the  Etowah County Detention Center in Gadsden,

*See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=271955. Said parole does not

deprive the Court of jurisdiction to decide his habeas petition nor does it render that petition moot.

The Court will thus examine the merits of the petition.

**IV.      STANDARD OF REVIEW – Federal Habeas Corpus - 28 U.S.C. § 2254**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2254 (a), "a district court shall entertain an application for a writ of habeas corpus in behalf

of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." *See, e.g., Cullen

v. Pinholster*, __U.S.__, 131 S.Ct. 1388, 1398 (2011). Because federal habeas relief may only be

obtained for a violation of federal law, it "does not lie for errors of state law." *See Estelle v.

McGuire*, 502 U.S. 62, 67 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).[6] *See also

Howard v. Walker,* 406 F.3d 114, 121 (2d Cir. 2005) ("A claim that a state conviction was obtained

in violation of state law is not cognizable in federal court.")*; accord Johnson v. Brooks,* 294 F.

Supp.2d 223, 225 (D.Conn. 2003); *Constantopoulos v. Comm'r of Corr.*, No. 3:98CV1166 (SRU),

2003 WL 2002769, at *2 (D. Conn. April 16, 2003); *Flemming v. New York*, No. 06 Civ.

15226(LAP)(HBP), 2013 WL 4831197, at *11 (S.D.N.Y. Sept. 10, 2013).

Specifically, a federal habeas court may grant habeas relief "with respect to any claim that

---

Alabama. Such incarceration in Alabama is unrelated to his petition in suit.

[6] The United States Supreme Court in *Estelle v. McGuire* "reemphasize[d] that it is not
the province of a federal habeas court to reexamine state-court determinations on state-law questions.
In conducting habeas review, a federal court is limited to deciding whether a conviction violated the
Constitution, laws, or treaties of the United States." 502 U.S. at 67-68. *See also Rose v. Hodges*,
432 U.S. 19, 21-22 (1975) (per curiam).

was adjudicated on the merits in State court proceedings" only if the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;"[7] or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[8] 28 U.S.C. § 2254(d)(1)-(2). "This substantive limitation § 2254(d) places upon a federal court's power to give habeas relief to a state prisoner is frequently referred to as 'AEDPA deference.'" *Lewis v. Comm'r of Corr.*, No.

---

[7] For the Second Circuit's recent articulation of the standard for habeas petitions regarding unreasonable application of clearly established federal law, *see Evans v. Fischer*, 712 F.3d 125, 132-33  (2d Cir. 2013),  *cert. denied sub nom. Evans v. Heath*, __ U.S. __,134 S.Ct. 238 (2013):

> The Supreme Court has made clear that when . . .  a petitioner seeks to overturn a state court's decision regarding "clearly established Federal law," he may pursue two distinct paths. First, a petitioner may show that a state court's decision was "contrary to" federal law, by demonstrating either (1) that the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court, or (2) that, when presented with "facts that are materially indistinguishable from a relevant Supreme Court precedent,"  the state court arrived at a result opposite to the one reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).
>
> Alternatively, a petitioner may prevail by showing that a state court's decision involved an "unreasonable application" of federal law. A state court decision involves an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts" of the case before it. *Id.* at 413.  An application of law is "unreasonable" only if it involves "[s]ome increment of incorrectness beyond error." *Overton v. Newton*, 295 F.3d 270, 277 (2d Cir.2002) (internal quotation marks omitted). Additionally, the Supreme Court has made clear that the phrase "clearly established Federal law" refers to holdings, and not dicta, of cases decided by the Supreme Court, as opposed to lower federal courts. *Williams*, 529 U.S. at 412.

[8]  "A state court adjudicates a petitioner's federal claims on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Norde v. Keane*, 294 F.3d 401, 410 (2d Cir. 2002)(internal quotation marks omitted). Furthermore, Second Circuit "precedents instruct that to qualify as an  adjudication 'on  the  merits,'  a state court decision need not mention a particular argument or explain the reasons for rejecting it."  *Dallio v. Spitzer*, 343 F.3d 553, 560 (2d Cir. 2003) (citing *Brown v. Artuz*, 283 F.3d 492, 498 (2d Cir. 2002); *Aparicio v. Artuz*, 269 F.3d 78, 93–94 (2d Cir.2001); and  *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir.2001)).

3:03–CV–196 (CSH), __F.Supp. 2d __, 2013 WL 6592557, at *2 (D.Conn. Dec. 16, 2013) (citing *Pinholster*, 131 S.Ct. at 1410–11 and *Miller–El v. Cockrell*, 537 U.S. 322, 341 (2003)).

Employing such deference, a federal habeas court must presume all state court factual determinations to be correct, unless the petitioner rebuts the findings by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).   *See also Wood v. Allen,* 558 U.S. 290, 293 (2010)(quoting 28 U.S.C. § 2254(e)(1)). "This [is] a difficult to meet and highly deferential standard . . . [which] demands that state-court decisions be given the benefit of the doubt." *Pinholster,* 130 S.Ct. at 1391 (citations and internal quotations omitted).   As the Second Circuit recently stated, "Pursuant to that standard, we may reverse a state court ruling only where it was 'so lacking in justification that there was . . . [no] possibility for fairminded disagreement.'" *Samuel v. LaValley*, No. 13–723–pr, __ F. App'x __, 2014 WL 114135, at *1 (2d Cir. Jan. 14, 2014) (quoting *Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012)) (citation and internal quotations omitted).   *See also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) ("State-court factual findings . . . are presumed correct");  *Boyette v, Lefevre*, 246 F.3d 76, 88-89 (2d Cir. 2001) (deference or presumption of correctness is afforded state court findings where state court has adjudicated constitutional claims on the merits).

Furthermore, AEDPA's deferential review applies whenever a state court disposes of a state prisoner's federal claims on the merits, regardless of whether it gives reasons for its determination or refers to federal law in its decision. *Harrington v. Richter*, __U.S. __, 131 S .Ct. 770, 784-85 (2011); *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir.2001).[9]

In sum, for habeas relief to be granted to a person "in custody pursuant to the judgment of a State court," the Court must find an unreasonable application of federal law or an unreasonable

---

[9]   *See also* note 8, *supra*.

determination of facts by the state court.[10]  28 U.S.C.A. § 2254(d).  Moreover, Petitioner must have exhausted his claims in state court.  *Id.* (b)(1) (A).   "Exhaustion requires that the prisoner 'fairly present' the federal claim 'in each appropriate state court (including a state supreme court with powers of discretionary review).'" *Richardson v. Superintendent of Mid-Orange Corr. Facility*, 621 F.3d 196, 201 (2d Cir. 2010)(quoting  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)), *cert. denied sub nom*. *Richardson v. Inserra*, __U.S.__, 131 S. Ct. 1019 (2011).

Furthermore, even if a court were to dismiss a habeas petition to allow the petitioner to exhaust his claim in state court, there are circumstances in which state procedural rules may bar him from raising that claim. When, due to state procedural rules, "petitioner can no longer 'present his unexhausted claim of trial error to the state courts, [the court must ] deem the claim procedurally barred." *Richardson*, 621 F.3d at 201 (quoting *Acosta v. Artuz*, 575 F.3d 177, 188 (2d Cir.2009)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991)  If the petitioner can then show "no cause for or prejudice from the failure to raise the claim, and failing to consider it will not result in a 'fundamental miscarriage of justice,' his claim cannot proceed." *Richardson*, 621 F.3d at 201-02

---

[10] "[R]easonableness of an application of federal law is judged by an objective standard" – *i.e.*, "federal courts should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Lurie v. Wittner*, 228 F.3d 113, 128-29 (2d Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (internal quotations omitted).  *See also Harrington v. Richter*, __U.S.__, 131 S.Ct. 770, 786 (2011) (elaborating on the "unreasonable application" standard to hold that a habeas court may only "issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.").

Moreover, with respect to facts determined by the state court, "[r]easonable minds reviewing the record might disagree about the [witness's] credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination." *Rice v. Collins*, 546 U.S. 333,  341-42 (2006).   A district court may not, therefore, "use a set of debatable inferences to set aside the conclusion reached by the state court." *Id.* at 342.  Simply because an alternative conclusion might be reached by using such inferences does not warrant granting a federal writ of habeas corpus.  *Id.*

(quoting *Coleman*, 501 U.S. at 750).

Finally, collateral review of a conviction "is not just a rerun of the direct appeal." *Lee v. McCaughtry*, 933 F.2d 536, 538 (7th Cir. 1991), *cert. denied*, 502 U.S. 895 (1991). Specifically, "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate 'fundamental fairness.'" *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (citation omitted). Accordingly, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.*, 507 U.S. at 634 (citations and internal quotations marks omitted).

## V.   BACKGROUND

### A.   State Criminal Charges and Trial

On August 4, 2001, Petitioner was arrested by the Stamford Police Department and charged with sexual assault in the first degree, Conn. Gen. Stat. § 53a-70(a)(1), and kidnapping in the first degree, Conn. Gen. Stat. § 53a-92(a)(2)(A). He was arraigned in the Judicial District of Stamford/Norwalk (docket number CR01-0137853S). In March of 2002, he was also charged with the crime of intimidating a witness, Conn. Gen. Stat. § 53a-151a, following an incident at a shopping mall where the victim worked.[11]

_____

[11] This incident is described in some detail in the Connecticut Appellate Court's opinion. In accordance with Connecticut's "policy of protecting the privacy interests of the victims of sexual abuse," the victim is identified as "A" in the following passage:

> On the evening of March 14, 2002, A was working in a retail store in the mall. The defendant walked into the store and began to look around. Frightened, A called the police to tell them of the situation. A friend who was with A at the time encountered the defendant outside of the store. The defendant told him to tell A that he was going to leave town but that he would be back if he had to and to be careful. After that incident, the state submitted a second information charging the defendant with

Petitioner pled not guilty to all charges and elected to be tried by a jury.  *See* Doc. 14, Appendix B (Record on Defendant's Appeal from Superior Court, p. 12-12A).  Petitioner was represented by Attorney Joseph Colarusso at his jury trial, over which Judge Richard F. Comerford presided.  On March 26, 2003, Petitioner was convicted by a jury on the charges of sexual assault and kidnapping, but acquitted on the charge of witness intimidation.  On June 6, 2003, Petitioner was sentenced to a total effective term of twelve years of imprisonment, followed by eight years of special parole.

**B.   Direct Appeal in State Court**

Following his conviction, Petitioner, through his then counsel, Attorney Roy S. Ward,  filed a direct appeal to the Connecticut Appellate Court.  In that appeal, Petitioner presented multiple bases for appeal: "(1) the evidence was insufficient to support the conviction, (2) [Petitioner] was denied his due process right to a fair trial as a result of prosecutorial misconduct and (3) the trial court improperly (a) failed to rule on his motion for a judgment of acquittal at the close of the state's case-in-chief and (b) permitted the introduction of evidence of uncharged misconduct."  *State v. D'Haity*, 99 Conn. App. 375, 377 (2007).  The Court affirmed the judgment of the trial court in all respects in an opinion dated January 30, 2007.  *Id.*  The substance of that opinion will be discussed more fully below (Part VI.A.).  The Court will, however, briefly summarize the legal issues addressed by the Connecticut Appellate Court at this time.[12]

---

intimidation of  a witness in violation of § 53a-151a.

*State v. D'Haity*, 99 Conn. App. 375, 392 and n. 3 (2007).

[12]  The Court notes that although Petitioner presented numerous issues in his appeal to the Connecticut Appellate Court, he subsequently only appealed – *i.e.*, sought certification from the

1.      **Opinion of Connecticut Appellate Court:  *State v. D'Haity*, 99 Conn. App. 375 (2007)**

Addressing Dhaity's three asserted grounds for error in turn, the Connecticut Appellate Court first rejected the claim that the prosecutor engaged in misconduct by failing to confine his arguments to the evidence in the record.  99 Conn. App. at 388.  In particular, the Court recognized that "a prosecutor must not comment on evidence that is not part of the record," "comment unfairly on evidence adduced at trial," or "paraphras[e] or embellish[ ] on a witness'[s] testimony." *Id.* The court clarified that nonetheless parties, through their counsel, "are allowed a certain degree of latitude to express their views of what evidence was presented at trial." *Id.* (citation omitted).

Furthermore, although a prosecutor "may not express his own opinion . . . as to the credibility of witnesses," he may, for example, during closing argument, "comment upon the evidence presented at trial and . . . argue the inferences that the jurors might draw therefrom." *Id.* at 389-90.  In sum, "the prosecutor's comments at issue did not deprive the defendant of a fair trial;" and "the prosecutor's statements during closing remarks were proper comment[s] on the evidence and did not constitute misconduct." *Id.*

Second, and central to Dhaity's habeas petition at bar, the state appellate court addressed the argument that "the [trial] court should not have:  (1) reserved decision on his motion for a judgment of acquittal, filed after the state's case-in-chief, (2) denied the motion at the close of his case and (3) instructed the jury on consciousness of guilt." *Id.* at 390.   The appellate court noted that Dhaity's argument was " based on language contained in [Connecticut] Practice Book §§ 42-40 and 42-41"

Connecticut Supreme Court – on one ground.  As the sole  issue exhausted in state court, that issue is the one Petitioner currently presents to this Court in his request for federal habeas relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *see also* Doc. 13 (Amended Petition), ¶ 19 ("Ground One").

and  quoted from those two sections as follows:

> Practice Book § 42-40 provides in relevant part: "After the close of the prosecution's case in chief or at the close of all the evidence, upon motion of the defendant or upon its own motion, the judicial authority *shall order* the entry of a judgment of acquittal as to any principal offense charged and as to any lesser included offense for which the evidence would not reasonably permit a finding of guilty...." (Emphasis added.) Practice Book § 42-41 provides: "If the motion is made after the close of the prosecution's case in chief, the judicial authority *shall either grant or deny the motion* before calling upon the defendant to present the defendant's case in chief. If the motion is not granted, the defendant may offer evidence without having reserved the right to do so."

99 Conn. App. at 390-91 (emphasis added).

The appellate court recounted that at the end of the state's case-in-chief, Dhaity's counsel filed a motion for judgment of acquittal on all three charges.  The trial court denied the motion with respect to the charges of sexual assault and kidnapping, but reserved decision on the charge of intimidating a witness.  The trial court thus expressly stated: "The court is going to reserve its decision on [the] motion to acquit as to the second information, the information charging intimidating a witness." 99 Conn. App. at 391.  The appellate court noted that Judge Comerford further informed the defendant's attorney that "there's sufficient evidence to warrant the charge [of intimidation of a witness] to be given and place it in the hands of the jury, and that's what we'll do." *Id.* n. 11.  Moreover, "[t]he defendant's attorney did not object." *Id.*

The appellate court held that even if, as Dhaity claimed, the trial court had possibly violated the mandate of Connecticut Practice Book § 42-41, which required the trial court to "either grant or deny" the motion at the close of the prosecution's case in chief, Dhaity was "no longer aggrieved due to his subsequent acquittal on the charge of intimidation of a witness." *Id.* at 391 (citing *Waterbury Trust Co. v. Porter*, 130 Conn. 494, 498 (1944) ("[N]o person is entitled to set the machinery of the

13

courts into operation unless for the purpose of obtaining redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or representative capacity.")).

Next, the appellate court examined the allegation that "the jury charge on consciousness of guilt (1) would not have been included had the court granted the motion for a judgment of acquittal and (2) might have influenced the jury to find the defendant guilty of the other two charges." 99 Conn. App. at 392. First, the appellate court recounted that despite protracted discussions between counsel and the trial court on the issue of proposed jury charges, "defendant did not object to the court's jury charge on consciousness of guilt."[13] *Id.* at 393. Dhaity had thus failed to preserve an objection regarding that charge. Furthermore, the appellate court concluded, and Dhaity concurred, that it could not review the jury charge under *State v. Golding*, 213 Conn. 233, 239-40 (1989), the case which established the standard for reviewability of unpreserved claims. *Id.* (citing and quoting *State v. Gibson*, 56 Conn.App. 154, 160 (1999) ("[i]t has . . . been stated numerous times that consciousness of guilt issues are not constitutional and, therefore, are not subject to review under the [*Golding*] standard" [internal quotation marks omitted] )).[14] *See also* Doc. 14, Appendix C, p.

---

[13]   In his brief in support of appeal to the Connecticut Appellate Court, Dhaity's counsel explicitly conceded that no objection was made at trial to the proposed jury charge on consciousness of guilt. Doc. 14, Appendix C, p. 27 ("The Defendant did not object to this portion of the jury charge.").

[14]   In *State v. Gibson*, the Connecticut Appellate Court explained that, with respect to a claim that the trial court gave a prejudicial instruction of consciousness of guilt, the appellate court "must determine whether the defendant can prevail under the four-prong test articulated in *State v. Golding*, 213 Conn. 233, 239-40, 567 A.2d 823 (1989)." 56 Conn. App. at 160 (citing *State v. Daniels*, 248 Conn. 64, 79 (1999)). "The first two prongs [of *Golding*] consider whether the defendant's claim is reviewable, the last two prongs address the merits of the claim." *Gibson,* 56 Conn. App. at 160 (citations omitted). "In the absence of any one of these conditions, the defendant's claim will fail." *Id.* Moreover, in analyzing the prongs, "[t]he appellate tribunal is free . . . to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." *Id.* (citing *Golding*, 213 Conn. at 240).

14

27 ("consciousness of guilt issues are not constitutional and, therefore, are not subject to review under the . . . *Golding* standard.") (quoting *Gibson*, 56 Conn. App. at 160).

The appellate court then went on to consider application of the state law "plain error doctrine" in Connecticut Practice Book § 60-5 to the consciousness of guilt jury charge.[15]  The appellate court noted that "[t]he plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." 99 Conn. App. at 393.  Accordingly, "[a] party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." *Id.* (citation omitted).  After thoroughly reviewing the record, the appellate court concluded that Dhaity had failed to demonstrate "that the [trial] court's jury instruction on consciousness of guilt impugned the fairness or integrity of or public confidence in the judicial proceedings or that the failure to grant relief will result in manifest injustice." *Id.* at 393-94.  The appellate court therefore declined to review Dhaity's claim under the plain error doctrine. *Id.* at 394.

---

As in the case at bar, the defendant's claim failed to fulfill the requirements of the second *Golding* prong in that "the claim is [not] of constitutional magnitude alleging the violation of a fundamental right." *Gibson*, 56 Conn. App. at 160 n.5 (quoting *Golding*). The Connecticut Supreme Court has repeatedly held that "consciousness of guilt issues are not constitutional" and, therefore, are "not subject to review" under the *Golding* standard. *Id.* at 160. The trial court "can be expected to rule" on such a jury instruction before it. *Id.* at 160-61. The appellate court does not rule on issues not raised before the trial court. *Id.* at 161. Otherwise, the appeal "would be nothing more than a trial by ambuscade of the trial judge." *Id.*

[15]   Connecticut Practice Book § 60-5 provides in relevant part:

The court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law.

Finally, the appellate court addressed Dhaity's claim that the trial court had improperly admitted evidence of his possession of marijuana. *Id.* Dhaity had asserted that "the evidence was uncharged misconduct that was both irrelevant and highly prejudicial, thus depriving him of a fair trial." *Id.* The appellate court emphasized that Dhaity had failed to object at trial to the admission of said evidence and was again seeking review of an unpreserved claim under *Golding*. *Id.*

The appellate court explained that Dhaity could not "raise a constitutional claim" by merely "attaching a constitutional label to a purely evidentiary claim." *Id.* (citation omitted). Moreover, "[o]nce identified, unpreserved evidentiary claims masquerading as constitutional claims will be summarily dismissed." *Id.* at 394-95 (quoting *Golding*, 213 Conn. at 241). Dhaity's unpreserved evidentiary claim thus also failed "under the second prong of *Golding*." 99 Conn.App. at 395.

In sum, the judgment of the trial court was affirmed in total.

## 2. Denial of Certification by Connecticut Supreme Court: *State v. D'Haity*, 282 Conn. 912 (2007)

Petitioner then sought certification from the Connecticut Supreme Court, seeking review of the Connecticut Appellate Court's ruling solely on one issue:

> Did the Appellate Court err in concluding that the [petitioner's] acquittal on the witness intimidation charge precluded a finding of aggrievement on the trial court rulings related to that charge?

Doc. 14, Appendix F ( Petition for Certification), at 1. The Connecticut Supreme Court summarily denied certification on that issue on May 1, 2007 without explanation. *State v. D'Haity*, 282 Conn. 912 (2007).

16

C.     **Federal Petition for Habeas Relief**

Petitioner first sought habeas relief in federal court in this District on December 7, 2007.  In his original *pro se* petition [Doc. 1], Petitioner presented four grounds upon which he alleged he was being held in violation of federal law.  Doc. 1, ¶ 12 (A)-(D) (prosecutorial misconduct; trial court's error in "reserving decision on the motion for judgment of acquittal;" trial court's error "in permitting introduction of evidence of uncharged misconduct" of possession of marijuana; and insufficiency of evidence to support his conviction).

Respondent moved to stay or dismiss Petitioner's habeas petition on the ground that it was a "mixed petition," containing exhausted and unexhausted claims.  Doc. 7.  While the motion was pending before then District Judge Christopher Droney, Petitioner filed his own motion for leave to amend his petition to pursue his "only exhausted claim," that is, the one  alleging that the appellate court erred "in concluding that the [P]etitioner being acquitted on the witness intimidation charge preclude[d] a finding of aggrievement on the trial court rulings related to that charge." Doc. 10-2, p. 1. The Court granted the motion to amend [Doc. 12] and denied the Respondent's motion to stay or dismiss [Doc. 7].   Petitioner then filed the presently operative Amended Petition [Doc. 13], once again  *pro se*, asserting his singular exhausted ground for relief:

> Did the Appellate Court err in concluding that the petitioner beign [sic] acquitted on the witness intimidation charge preclude[d] a finding of aggrievement on the trial court rulings related to that charge[?]

Doc. 13, p. 9 (¶ 19).  As noted at page 13 (Part V.B.1.), *supra*, the Connecticut Appellate Court rejected Dhaity's appeal based on the charged intimidation of a witness and related consciousness of guilt jury charge because, in the court's view, Dhaity was "no longer aggrieved due to his subsequent acquittal on the charge of intimidation of a witness."  99 Conn. App. at 391.

## VI.   **DISCUSSION**

As set forth *supra*, Petitioner brings his claim in this Court under AEDPA, 28 U.S.C. § 2254, seeking relief from his conviction on the basis of alleged error by the state appellate court.  Namely, Dhaity faults the appellate court for "concluding that acquittal on [the] witness intimidation charge precluded a finding of aggrievement on [the] trial court['s] rulings  related to that charge."  Doc. 13, ¶ 19.

The Court notes that this claim was initially presented to the Connecticut Appellate Court; and the Connecticut Supreme Court subsequently denied certification. The claim is thus sufficiently exhausted for purposes of  § 2254(b)(1)(A) in that Dhaity "has exhausted the remedies available in the courts of the State."   *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (holding that "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

A   federal habeas court may grant habeas relief  "with respect to any claim that was adjudicated on the merits in State court proceedings" only if the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).  In the case at bar, there was no unreasonable application of United States Supreme Court precedent. Rather, Petitioner asserted errors of, and the appellate court  relied upon, Connecticut state law, particularly state procedural law, in the rulings at issue.

Respondent asserts that there are three distinct bases upon which this Court should dismiss the Amended Petition [Doc. 13].  Respondent thus asserts:

> Petitioner cannot obtain federal habeas corpus relief on his unpreserved claim because (1) the state court properly rejected the claim under an adequate and independent state procedural rule; (2) petitioner has not demonstrated cause and prejudice to overcome the procedural default; and (3) even if not procedurally defaulted, the claim is a state law claim for which habeas relief does not lie.

Doc. 14, p. 7. For the reasons set forth below, the Court concurs with Respondent's three assertions.

### A.      Independent State Procedural Rule

The alleged error upon which Dhaity continues to seek habeas relief is contained in the Connecticut Appellate Court's ruling, affirming the judgment of the trial court. Specifically, on Petitioner's direct appeal, the Connecticut Appellate Court held that the trial court's decision "to reserve its decision on [the] motion to acquit" with respect to the charge of intimidating a witness created no injury "due to his subsequent acquittal on [that] charge." 99 Conn. App. at 391. Even if, as Petitioner claimed, the trial court had violated the mandate of Connecticut Practice Book §§ 42-40 and 42-41 in failing to rule on the motion for acquittal at the close of the state's case, because Petitioner was not "aggrieved" by this failure, he lacked standing to seek review. *Id.* (citing *Waterbury Trust Co.*, 130 Conn. at 498 ("if a party attempting to appeal can by no possibility suffer injury by the judgment, he should not be permitted to appeal")).

Then, with respect to the decision to charge the jury on consciousness of guilt, the appellate court stated: "The more pertinent question is whether the jury charge on consciousness of guilt (1) would not have been included had the court granted the motion for a judgment of acquittal and (2) might have influenced the jury to find the defendant guilty of the other two charges." 99 Conn. App. at 392.

In analyzing that two-part question, the appellate court elaborated as follows:

[At the trial court's charging conference with counsel for both sides], the court reviewed with both attorneys on the record that "each counsel was handed the jury charge that the court intended to give...." Among the many instructions the court enumerated on the record that were to be included in the charge was one on consciousness of guilt. After reading a summary of the jury charge, the court stated: "I think the record is replete with sufficient evidence that we have spent an enormous amount of time talking about this [ jury charge], and that counsel at this point in time is satisfied it has been given every opportunity to suggest to the court . . . any changes that should be made." Both attorneys agreed.

The defendant did not object to the court's jury charge on consciousness of guilt and does not now seek review under *State v. Golding*, *supra*, 213 Conn. [233,] 239-40 [(1989)]. *See State v. Gibson*, 56 Conn. App. 154, 160 (1999) ("[i]t has ... been stated numerous times that consciousness of guilt issues are not constitutional and, therefore, are not subject to review under the [*Golding* ] standard" [internal quotation marks omitted] ). The defendant therefore seeks review under the plain error doctrine, as codified in Practice Book § 60-5.[16]

99 Conn. App. at 393 (lateral citations omitted).

The appellate court then explained that Connecticut's " plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." *Id.* (citing *State v. Smith*, 275 Conn. 205, 240 (2005)).   Having thoroughly reviewed the record and briefs, the appellate court concluded that the "defendant ha[d] not shown that the court's jury instruction on consciousness of guilt impugned the fairness or integrity of or public confidence in the judicial proceedings or that the failure to grant relief will result in manifest injustice." *Id*. at 393-94.   Accordingly, the appellate court would "not review the defendant's claim under the plain error doctrine," as codified in Connecticut Practice Book § 60-5.  *Id.* at 393-94.

---

[16]    For the text of Connecticut Practice Book § 60-5, *see* note 15, *supra.*

1.    **Procedural Bar**

Based on the Connecticut Appellate Court's decision, followed by the Connecticut Supreme Court's denial of certification, the Respondent contends that "Petitioner cannot obtain review of the merits of his claim because the state court rejected the petitioner's unpreserved claim under an adequate and independent state procedural rule. " Doc. 14, p. 11.   Furthermore, Respondent asserts that Petitioner has "fail[ed] to allege cause and prejudice or a fundamental miscarriage of justice to overcome this procedural bar." *Id.*

Federal habeas review of a state prisoner's claims is prohibited if "the state court's opinion contains a 'plain statement' that [its] decision rests upon adequate and independent state grounds." *Harris v. Reed*, 489 U.S. 255, 261-62 (1989) (quoting *Michigan v. Long*, 463 U.S. 1032, 1042 (1983)).  Specifically, a federal court "will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Harris*, 489 U.S. at 260.  In the context of habeas relief,  "an adequate and independent finding of procedural default [by the state court] will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Id.* at 262 (quoting *Murray v. Carrier,* 477 U.S. 478, 485, 495 (1986)).  *See also Shlup v. Delo*, 513 U.S. 298, 314-15 (1995); *Coleman v. Thompson*, 501 U.S. 722, 735-36 (1991); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996); *cert. denied*, 520 U.S. 1108 (1997).

"In the habeas context, the application of the independent and adequate state ground doctrine

is grounded in concerns of comity and federalism."[17] *Coleman*, 501 U.S. at 730.  Because states have an interest in their procedural rules – "in channeling the resolution of claims to the most appropriate forum, in finality, and in having the opportunity to correct [their] own errors" – a state procedural default of a claim can be an adequate and independent state ground that bars federal habeas review of a petitioner's defaulted claims.[18]  501 U.S. at 750-51.

However, a federal claimant's "procedural default does not  bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263. *Accord Coleman*, 501 U.S. at 722 (holding that petitioner's claims "presented for the first time in the state habeas proceeding [were] not subject to review in federal habeas" because Virginia Supreme Court met the *Harris* "plain statement" requirement by granting motion to dismiss on procedural grounds).  The federal habeas court must thus ascertain, upon examination of the state court record, whether the state court based its judgment on such "independent and adequate grounds." *Id.* at 736.

In the Connecticut Appellate decision at issue, the court plainly declined to address Dhaity's

---

[17]  As the United States Supreme Court explained in *Coleman*:

> Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

501 U.S. at 730-31.

[18]  *See also Engle v. Isaac*, 456 U.S. 107, 128 (1982) ("Federal intrusions into state criminal trials frustrate both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights.").

first two sub-claims on the merits based on an independent and adequate state procedural rule.  In particular, the appellate court declined to review the trial court's (1) choice to reserve decision on Petitioner's motion for judgment of acquittal and (2) subsequent denial of the motion because the Petitioner was ultimately acquitted on the relevant charge of intimidating a witness.   Under Connecticut law, because Dhaity was "no longer aggrieved" by the trial court's alleged errors "due to his subsequent acquittal," the appellate court lacked subject matter jurisdiction to review them.

Under Connecticut law, "aggrievement" is a prerequisite to standing, "a procedural issue," which "implicates [a] court's subject matter jurisdiction." *See, e.g., Williams v. Comm'n on Human Rights & Opportunities*, 257 Conn. 258, 264 (2001).   As the appellate court in Dhaity's case emphasized, "no person is entitled to set the machinery of the courts into operation unless for the purpose of obtaining redress for an injury he has suffered or to prevent an injury he may suffer . . ." 99 Conn. App. at 390-91 (citing   *Waterbury Trust Co. v. Porter*, 130 Conn. 494, 498 (1944)).[19] Because Petitioner had prevailed on the ultimate issue, *i.e.*, was acquitted on the witness intimidation charge, he could make no showing of "aggrievement." 99 Conn. App. at 391.[20]   Dhaity thus

_____

[19]   Under Connecticut law, aggrievement is a prerequisite for a criminal defendant to appeal an error in his or her trial.  That rule, which has been repeatedly stated in Connecticut common law, was also codified at Conn. Gen. Stat. § 54-95 (a):

> Any defendant in a criminal prosecution, *aggrieved by* any decision of the Superior Court, upon the trial thereof, or by any error apparent upon the record of such prosecution, may be relieved by appeal, petition for a new trial or writ of error, in the same manner and with the same effect as in civil actions.

(Emphasis added).

[20]   *See also  McNeil v. Tyson*, 37 Conn. Supp. 624, 625-26 (Conn. Super. Ct. 1981) (holding claimant lacked standing to appeal where she  "actually prevailed in the action below and can make no showing of aggrievement").  The court in *McNeil* cited *Waterbury Trust Co.*, 130 Conn. at 498, the case upon which the *Dhaity* appellate court relied in its ruling, 99 Conn. App. at 391.

essentially lacked standing to appeal under Connecticut state law.

With respect to Petitioner's third sub-claim at bar, alleged error by the trial court in charging the jury on consciousness of guilt, the Connecticut Appellate Court noted that at trial "[t]he defendant did not object to the court's jury charge on consciousness of guilt." 99 Conn. at 393. The issue regarding the jury charge was thus not raised and/or preserved during trial. Furthermore, on appeal, Petitioner actually conceded that the claim did not raise a constitutional issue and was thus not subject to review under *Golding*, 213 Conn. at 239-240.[21]   The Petitioner solely sought "plain error" review by the Appellate Court.

The "plain error" doctrine, as codified at Connecticut Practice Book § 60-5, is an independent and adequate state procedural rule which is "firmly established and regularly followed" in Connecticut. *See, e.g.*, *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999). Practice Book § 60-5 provides that although "[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial," the court "may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law . . . ."

Plain error is not, however, "a rule of reviewability," but rather "a rule regarding reversibility." *State v. Fagan*, 280 Conn. 69, 86-87 (2006), *cert. denied*, 549 U.S. 1269 (2007). Moreover, the plain error doctrine is reserved for "truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and pubic confidence in the judicial proceedings." *Id.* As the appellate court noted in Dhaity's case, "[a] party cannot prevail

---

[21]   *See* note 14, *supra*.

under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." 99 Conn. App. at 393 (quoting *State v. Smith*, 275 Conn. 205, 240 (2005)).

In the case at bar, the Connecticut Appellate Court explicitly found that the trial court's jury instruction regarding consciousness of guilt did not impugn the fairness or integrity of, or public confidence in, the Petitioner's state trial, such that failure to grant relief would result in manifest injustice. 99 Conn. App. at 393-94. The appellate court consequently declined Dhaity's request to review that claim under the plain error doctrine, "as codified in Practice Book § 60-5." *Id.*

Thereafter, the Connecticut Supreme Court denied Dhaity's petition for certification with a summary order, setting forth no grounds for its decision. The last state court to issue a reasoned decision on Dhaity's claim was thus the Connecticut Appellate Court, which upheld Dhaity's conviction on the aforementioned state procedural grounds. As set forth *supra*, the United States Supreme Court has established that "federal habeas courts should apply the following presumption: where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst*, 501 U.S. at 803. The Supreme Court in *Ylst* reasoned that "[t]he maxim is that silence implies consent, not the opposite—and courts generally behave accordingly, affirming without further discussion when they agree, not when they disagree, with the reasons given below." 501 U.S. at 804. *See also Serrano v. Fischer*, 412 F.3d 292, 297 (2d Cir. 2005) (applying the "rebuttable presumption that the state appellate courts' later unexplained orders upholding the trial court's judgment rest upon the same ground provided by the trial court") (citing *Ylst*, 501 U.S. at 803) (internal quotations, brackets, and ellipsis omitted), *cert. denied*, 546 U.S. 1182 (2006).

Where the Connecticut Supreme Court summarily denied Petitioner's request for certification,

this Court must "look through" the silent denial to examine the decision of the Connecticut Appellate Court, the last court to issue a reasoned decision on Petitioner's claim. *Ylst*, 501 U.S. at 803. That reasoned decision rested solely on independent state procedural grounds.

## 2.    No Showing of Cause or Prejudice

When a state prisoner has defaulted his federal claims in state court pursuant to an "independent and adequate" state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Glenn v. Bartlett*, 98 F.3d at 724 (citing *Coleman*, 501 U.S. at 750); *see also  Ylst*, 501 U.S. at 801. The United States Supreme Court clarified that the "fundamental miscarriage of justice"  refers to a constitutional violation that "has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

In the case at bar, Dhaity presented no cause for, nor could he remedy, his lack of standing or aggrievement in that he was acquitted on the charge relating to his appeal, that of witness intimidation. In addition, Dhaity plainly conceded that he did not object to the substance of the jury charge on consciousness of guilt at trial, nor did he assert that said charge raised a constitutional issue on appeal.   Dhaity proffered no explanatory cause for these "defaults."   Perhaps most importantly, Petitioner has failed to establish that either the trial court's failure to rule on the motion to acquit on the witness intimidation charge or instruction to the jury regarding consciousness of guilt "resulted in the conviction of one who is actually innocent."   Put simply, he has demonstrated no resulting prejudice.  He has failed to establish that he was actually innocent of sexual assault

and/or kidnapping, in the first degree.[22]   Therefore, this Court may not set aside the valid state

procedural defaults.

### B.   Petitioner's Claim Is Based Entirely on State Law and Is Thus Not Subject to Federal Habeas Review

Lastly, and alternatively, Dhaity's claim is not, in any event,  subject to federal habeas review

because it is based solely on state law, implicating no rights under federal law.   As set forth *supra*,

"[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state

law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *accord Estelle v. McGuire*, 502 U.S. at 68 ("federal

habeas corpus does not lie for errors of state law").   *See also Santone v. Fischer*, 689 F.3d 138, 148

(2d Cir. 2012); *Taylor v. Rivera*, 509 F. App'x 51, 53 (2d Cir. 2013).   By the plain language of

AEDPA, in conducting habeas review, a federal court "is limited  to  determining whether  a

petitioner's custody is in violation of federal law."  28  U.S.C. § 2254(a).  *See also  Smith v. Phillips*,

455 U.S. 209, 211 (1982); *Figueroa v. Comm'r of Corr.*, 596 F.Supp. 2d 482, 492 (D.Conn. 2009).

 "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief,

since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053,

1055 (11th Cir. 1983) (per curiam).  *See also Middleton v. Cupp*, 768 F.2d 1083, 1085 (8th Cir. 1985)

(federal habeas relief "is unavailable for alleged error in the interpretation or application of state

law"), *cert. denied*, 478 U.S. 1021 (1986).   With respect to federal habeas claims, "state courts are

the ultimate expositors of state law [and federal courts are] bound by their construction except in rare

circumstances." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). *See also Portalatin v. Graham*, 624

---

[22] Rather, in view of the ample factual record presented at the state  trial proceedings, it is plausible that a reasonable jury could well conclude Dhaity was guilty of both sexual assault and kidnapping.  *See* Doc. 14, Appendix I ("Trial Transcripts").

F.3d 69, 89-90 (2d Cir. 2010) (same).

In the case at hand, the Connecticut Appellate Court expressly stated that its ruling on the trial court's failure to grant or deny the motion to acquit rested on the fact that Dhaity was "no longer aggrieved due to his subsequent acquittal on the charge of intimidation of a witness." 99 Conn. App. at 391. Dhaity refutes the appellate court's holding that acquittal negates "aggrievement," *i.e.*, prevents standing to appeal. Doc. 13, ¶ 19. However, under Connecticut law, as interpreted by the Connecticut Appellate Court, lack of prejudice or injury – in this case, acquittal – creates no "aggrievement." 99 Conn. App. at 391 (citing and quoting *Waterbury Trust Co.*, 130 Conn. at 498 (party cannot appeal "unless the purpose of [the appeal is] obtaining redress for an injury he has suffered or to prevent an injury he may suffer").[23] In sum, in the absence of aggrievement, Dhaity had no standing to appeal so that the Connecticut Appellate Court lacked subject matter

---

[23]   As one Connecticut court noted:

"[S]tanding does not hinge on whether the plaintiff will ultimately be entitled to obtain relief on the merits of an action, but on whether he is entitled to seek the relief." *Pinchbeck v. Dept. of Public Health*, 65 Conn.App. 201, 205, (2001). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." *Monroe v. Horwitch*, 215 Conn. 469, 473 (1990).

The terms 'aggrievement' and 'standing' have been used interchangeably throughout most of Connecticut jurisprudence. We previously have stated that '[t]he question of aggrievement is essentially one of standing . . .'" *Gladysz v. Planning & Zoning Commission*, 256 Conn. 249, 255(2001).

*Int'l Union Elevator Constructors, Local 91 v. State Elevator Work Examining Bd.*, No. CV010809162, 2002 WL 378064, at *2 & n.4 (Conn. Super. Ct. Feb. 15, 2002) (lateral citations omitted).

jurisdiction.[24]

    With respect to the jury charge on consciousness of guilt, Petitioner expressly conceded that
he had not objected to the charge at trial, thereby failing to preserve it.  He also admitted that the
issue relating to that charge was *not* a matter of constitutional dimension.  99 Conn. App. at 393
(citing *Golding*, 213 Conn. at 239-40 and *Gibson*, 56 Conn. App. at 160). *See also* Doc. 14,
Appendix C (Petitioner's Brief on Appeal), p. 27.  Rather than applying federal law, the Connecticut
Appellate Court cited solely state law, the "plain error doctrine" – set forth in Connecticut Practice
Book § 60-5 and *State v. Smith*, 275 Conn. 205, 240 (2005) – to deny Dhaity's claim in the absence
of any showing that failure to grant relief would "result in manifest injustice."

    In sum, there was no unreasonable application of clearly established federal law  nor any
argument or proof of a ruling contravening United States Supreme Court precedent. *See, e.g., Evans
v. Fischer*, 712 F.3d 125, 132-33  (2d Cir. 2013).

    With respect to the relevant facts as determined by the trial court, and reviewed by the
appellate court, the appellate court affirmed the finding that "there [was] sufficient evidence to
warrant the charge [regarding intimidation of a witness] to be given and placed it in the hands of the

---

    [24]   This federal District has  previously recognized that "[u]nder Connecticut law, 'any
defendant in a criminal prosecution, aggrieved by any decision of the superior court, . . . may be
relieved by appeal.'" *Fonseca v. Alterio*, Civil No. 3:03CV1055 (AVC), 2006 WL 2165695, at *6
(D.Conn. July 28, 2006) (citing  Conn. Gen.Stat. § 54–95(a)). It thus follows that "[a]n acquittal,
which clears the defendant of all criminal charges, does not affect a defendant or his interests in any
adverse manner" and "[t]herefore the defendant is not aggrieved by an acquittal and is consequently
unable to appeal, as a matter of law, any decisions made in the criminal trial." *Fonseca*, 2006 WL
2165695, at *6.  *See also Spencer v. Casavilla*, 44 F.3d 74, 78 (2d Cir.1994) ("Ordinarily, a party
to a lawsuit has no standing to appeal an order unless he can show some basis for arguing that the
challenged action causes him a cognizable injury, *i.e.*, that he is 'aggrieved' by the order.").

jury."[25]  99 Conn. App. 391 n. 11.  The appellate court also found that, pursuant to Connecticut law, there was a proper factual basis for the trial judge to give the consciousness of guilt instruction to the jury.  *Id.* at 391.  As discussed, *supra*, a state court's factual findings are entitled to a presumption of correctness on habeas review.  Absent "clear and convincing evidence" to rebut this presumption, the state court's factual findings are entitled to deference, 28 U.S. C. § 2254(e)(1).  Dhaity has failed to demonstrate, by the requisite "clear and convincing evidence,"  that either the state trial court's determination, or appellate court's review, of factual issues was incorrect.

Furthermore, even if, assuming *arguendo*, the trial court had erred by issuing the jury charge, "[e]rrors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in a federal habeas corpus proceeding."  *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir.1988)), *cert. denied*, 532 U.S. 989 (2001).  "Thus, federal habeas relief is not available for state law violations that do not rise to the level of federal constitutional violations."  *Alfini v. Lord*, 245 F. Supp.2d 493, 499 (E.D.N.Y. 2003).  "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour*, 224 F.3d at 552 (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

Any alleged errors in the present case did not rise to the level of infusing the proceedings with unfairness, such that Dhaity was denied due process.   First of all, there is no indication that absent the jury charge regarding consciousness of guilt, the jury would not have found sufficient

---

[25]  Under Connecticut law, threats made against witnesses have been regarded as evidence of consciousness of guilt.  *See, e.g., State v. Leecan*, 198 Conn. 517, 534 (1986) (collecting cases), *cert. denied*, 476 U.S. 1184 (1986); *State v. Maturo*, 188 Conn. 591, 597-98 (1982).

evidence to convict Dhaity on the first two counts of sexual assault and kidnapping. Second, the fact that Dhaity was ultimately acquitted on the witness intimidation charge does not, in and of itself, dictate that either allowing that charge to proceed to the jury or instructing the jury on consciousness of guilt was improper where both the trial and appellate courts concluded that there was sufficient evidence in the record to warrant both actions by the trial court. The jury may have decided to acquit the Petitioner on the witness intimidation count, despite the possible implication of his guilty conscience, on other grounds. For example, as the United States Supreme Court explained in the context of "inconsistent verdict claims," even inconsistent verdicts need not be set aside due to their facial inconsistency because such verdicts may actually demonstrate jury leniency. *Dunn v. United States*, 284 U.S. 390, 393-94 (1932). *See also United States v. Powell*, 469 U.S. 57, 64-65, 69 (1984) (holding that there was "no reason to vacate respondent's conviction merely because the verdicts [could] not rationally be reconciled;" and upholding "[t]he rule established in *Dunn v. United States,*" 284 U.S. at 393, which had "stood without exception in this [Supreme] Court for 53 years.").

After careful review, I conclude that the Connecticut Appellate Court's decision interpreted state law and did not offend any fundamental principle of justice or infuse the proceedings with unfairness so as to deny Petitioner due process of law. Accordingly, Dhaity is not entitled to federal habeas relief. His writ for petition of habeas corpus will be denied.

## VII.   <u>CONCLUSION</u>

For all of the foregoing reasons, Dhaity's Amended Petition for a Writ of Habeas Corpus [Doc. 13] is **DENIED**. Because reasonable jurists would not find the Court's conclusions debatable and Dhaity has failed to make a "substantial showing of the denial of a constitutional right," a

certificate of appealability will not issue in this case. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Clerk is hereby directed to enter judgment and close the case.

It is SO ORDERED.

Dated: New Haven, Connecticut
March 20, 2014

            /s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge